IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 5 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01027-OES

MAURICE L. HARPER,

     Plaintiff,

v.

KIMBERLY MALDONADO, and
LARRY REID,

     Defendants.

## ORDER TO AMEND COMPLAINT

On July 14, 2005, the Court reviewed Plaintiff's Complaint and directed Plaintiff to show cause why the Complaint should not be dismissed for failure to exhaust administrative remedies.  Plaintiff filed a Response on August 16, 2005.

The Court must construe the Response liberally, because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, a court should not act as a *pro se* litigant's advocate. *See id.*

In the Response, Plaintiff simply states that he has filed and appealed a grievance through the third step but did not receive a timely response.  He further

asserts that, because he has not received a response, in accordance with the Colorado Department of Corrections regulations he has exhausted his administrative remedies.

In the July 14, 2005, Order to Show Cause, the Court directed Plaintiff to attach copies of administrative proceedings or to describe the disposition of the proceedings in detail.  The Court also referred to Plaintiff's previous case, **Harper v. Maldonado**, No. 04-cv-01801-ZLW (D. Colo. Nov. 30, 2004) (Not selected for publication), in instructing Plaintiff that he must exhaust his administrative remedies before any action may be brought **concerning prison conditions**.  As Plaintiff was informed in Case No. 04-cv-01801-ZLW, denial of a Kosher diet in violation of his First Amendment rights is a **conditions of confinement claim**.  He was further instructed in Case No. 04-cv-01801-ZLW, that to the extent he seeks to challenge the denial of parole, he is prohibited from pursuing any claims for damages pursuant to **Heck v. Humphrey**, 512 U.S. 477 (1994).

Plaintiff should also note that he has no liberty interest in his classification or placement, because he is not entitled to any particular degree of liberty in prison. **Meachum v. Fano**, 427 U.S. 215, 225 (1976); **Templeman v. Gunter**, 16 F.3d 367, 369 (10th Cir. 1994).  Due process guarantees do not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner. **Meachum**, 427 U.S. at 224.  As for any claims that he is raising in the instant Complaint regarding conditions of confinement in administrative segregation that violate his constitutional rights, the claims are properly raised in a § 1983 prisoner complaint.

Plaintiff does not assert that he has exhausted either the alleged denial of non-Kosher foods or the alleged unconstitutional conditions of confinement in administrative

segregation.  The two documents that he has attached to the Complaint form describe his appeals regarding his disciplinary actions and contain requests for release on parole.  Neither of the documents address his concern about a non-Kosher diet or his conditions of confinement while he has been housed in administrative segregation. Although Plaintiff asserts that he filed a third step in a grievance on February 10, 2005, he does not assert the subject of the grievance.

The Court notes that with respect to Plaintiff's claim regarding the conditions of confinement where he is held in administrative segregation, he fails to assert personal participation by any of the named Defendants.  Personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiff must show that each defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Plaintiff, therefore, will be instructed to amend the Complaint and assert only conditions of confinement claims against named Defendants.  He is further directed to state how each named Defendant participated in the violation of his constitutional rights and how he has exhausted each of the asserted claims.  Plaintiff is reminded that he must assert exhaustion with specificity.

Plaintiff also should note that an amended complaint supersedes the original complaint.  *See Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985); *Cameron v. Fogarty*, 705 F.2d 676 (2d Cir. 1983); *London v. Coopers & Lybrand*,

644 F.2d 811 (9th Cir. 1981); 6 C. Wright, A. Miller & M. Kane, Federal Practice and

Procedure § 1476 (1990). Plaintiff's Amended Complaint must contain all the alleged

claims, the request for relief, and a listing of all of the named Defendants, in other

words, all information requested on the Court-approved Prisoner Complaint form.

Accordingly, it is

ORDERED that Mr. Harper shall file, within thirty (30) days from the date of this

Order, an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that the Amended Complaint shall be titled, "Amended

Prisoner Complaint," and shall be filed with the Clerk of the Court for the United States

District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901

Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Harper, together

with a copy of this Order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Harper submit an original plus sufficient copies of

the Amended Complaint to serve each named Defendant. It is

FURTHER ORDERED that if Mr. Harper fails to file within thirty (30) days from

the date of this Order an Amended Complaint that complies, to the Court's satisfaction,

with this Order the action will be dismissed without further notice.

DATED at Denver, Colorado, this 25 day of _August_____, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 05-cv-01027-OES

Maurice L. Harper
Reg. No. 104056
Centennial Corr. Facility
P.O. Box 600
Canon City, CO 81215

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on _8-25-05_

GREGORY C. LANGHAM, CLERK

By:_____
     Deputy Clerk